**SO ORDERED.**

**SIGNED this 9 day of October, 2015.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO. 12-01285-8-DMW** |
| **J.O.C. FARMS, LLC**[1] | |
| Debtor | **CHAPTER 11** |
| **KAREN BRILEY,** | |
| Plaintiff | **ADVERSARY PROCEEDING** |
| | **NO. 15-00040-8-DMW** |
| vs. | |
| **VANDEMERE, LLC, JDB FARMS, LLC, BRILEY FARMS, LLC, JOSEPH D. BRILEY, JR., J.O.C. FARMS, LLC, BRILEY ENTERPRISES OF GREENVILLE, INC., PACTOLUS FARMS, LLC, HARVEY FERTILIZER AND GAS CO., AGCAROLINA FINANCIAL, ACA, AGCAROLINA FARM CREDIT, ACA, DEERE & COMPANY, and RICHARD SPARKMAN, as Liquidating Agent** | |
| Defendants | |

---

[1] The case of *In re J.O.C. Farms, LLC* is consolidated with the cases *of In re Vandemere, LLC*, *In re JDB Farms, LLC*, *In re Briley Farms, LLC*, *In re Joseph D. Briley, Jr.*, *In re Briley Enterprises of Greenville, Inc.*, and *In re Pactolus Farms, LLC*.

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This matter comes on to be heard upon the Motion for Preliminary Injunction filed by Karen Briley ("Plaintiff") on September 25, 2015 and the Joint Response in Opposition to Plaintiff's Motion for Preliminary Injunction filed by Deere & Company and Harvey Fertilizer and Gas, Co. ("Defendants").  The court conducted a hearing in Raleigh, North Carolina on October 8, 2015.  Rachel S. Decker, Esq. appeared on behalf of the Plaintiff, Clayton Cheek, Esq. appeared on behalf of the Debtor, Michael J. Parrish, Esq. appeared on behalf of the Defendants, and Richard D. Sparkman, Esq. ("Liquidating Agent") appeared in his capacity as the court-appointed liquidating agent. Based upon the evidence presented and the arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. J.O.C. Farms, LLC ("Debtor') filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on February 20, 2015.  The Plaintiff is the non-filing spouse of the principal of the Debtor.

3. The Debtor filed a Chapter 11 Plan of Reorganization ("Plan") on July 2, 2012, and the court confirmed the Plan in an Order dated February 26, 2013 ("Confirmation Order"). Article III of the Plan stated, "[f]ollowing confirmation of the Plan, the Debtor shall be authorized to sell all real property free and clear of any and all liens and encumbrances, with proceeds to be distributed as provided for in this Plan." The means for implementation of the Plan was for the Debtor to sell all the real property it owned to pay the substantial debt to its creditors. Because the

property to be sold included property held by the principal of the Debtor and the Plaintiff as tenants by the entirety, it was essential that the Plaintiff acknowledge her consent and support of the Plan. As evidence of her consent, Article XXVII, Section 27.10 states:

> Karen Briley acknowledges and agrees that her ownership and marital interest in any real property shall be included in and sold in accordance with the confirmed Plane, approved Disclosure Statement, as supplemented, and Amended Liquidation Schedule. In furtherance of the foregoing, Karen Briley hereby waives any exemptions she otherwise may have in such real property and agrees to execute any deeds and other documents necessary to consummate such sales.

4. During the Confirmation hearing, which was held on January 10, 2013 before the late Honorable Judge Randy D. Doub in Wilson, North Carolina, the Plaintiff acknowledged in open court her consent to and agreement with the terms of the Plan. Counsel for the Debtor stated to the court that the Plaintiff acknowledged that some of the property sold would be property in which she had an ownership interest. The Plaintiff acknowledged this statement, confirmed that she understood the implications of the Plan, and gave her consent.

5. As further evidence of the importance of the Plaintiff's consent and understanding that property in which she held an interest would be sold under the terms of the Plan, the Confirmation Order included a provision to which the Plaintiff, alone, proved her consent by signature. Paragraph 10 of the Confirmation Order states:

> By signing below, Karen Briley acknowledges and agrees that her ownership and marital interest in any real property shall be included in and sold in accordance with the confirmed Plan, approved Disclosure Statement, as supplemented, and Amended Liquidation Schedule. In furtherance of the foregoing, by signing below, Karen Briley hereby waives any exemptions she otherwise may have in such real property and aggress to execute any deeds and other documents necessary to consummate such sale.

6. On January 30, 2014, approximately one year after the entry of the Confirmation Order, the parties entered into a Consent Order Resolving Motion to Dismiss ("Consent Order") which appointed the Liquidating Agent in the Debtor's case and authorized him to liquidate the

real property owned by the Debtor, the Debtor's principal, and the Plaintiff in accordance with the terms of the Plan, Disclosure Statement, and Second Amended Liquidation Schedule. The Plaintiff was once again a party to the Consent Order and affixed her signature evidencing her consent.

7. The Plaintiff moves this court pursuant to Rule 65 of the North Carolina Rules of Civil Procedure made applicable to this adversary proceeding pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure for a preliminary injunction enjoining the Liquidating Agent from selling two personal residences located at 4483 US 264 E., Greenville, North Carolina and 727 Private Drive, Bath, North Carolina ("Personal Residences") owned by the Plaintiff and the principal of the Debtor as tenants by the entirety.

8. The auction ("Sale") to be conducted by the Liquidating Agent includes the Personal Residences and is scheduled for October 29, 2015.

9. The Plaintiff argues that the neither the Plan, Confirmation Order, nor the Consent Order specifically provides for the sale of the Personal Residences, and that the Plaintiff has not consented to the sale of the Personal Residences. The Plaintiff further contends that because she is not a debtor in the bankruptcy, the Personal Residences in which she is a co-owner would not be subjected to sale and liquidation by the Debtor without Plaintiff's express consent.[2]

10. The Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. (2008) governs the burden the Plaintiff must meet in order to be granted a preliminary injunction. Under the *Winter* test, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

---

[2] The court notes that Plaintiff has given her express consent several times.

*Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. (2008). The Plaintiff has the burden of proof as to each element, "and all four requirements must be satisfied." *Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009) (quoting *Winter* 129 S.Ct., 374). The Plaintiff "must affirmatively prove, and make a 'clear showing,' that the claims set forth in her complaint are likely to succeed on the merits." *Winter*, 129 S.Ct. at 376.

11. The Plaintiff cannot make a clear showing that the claims set forth in her pleadings are likely to succeed on the merits. The Plaintiff has plainly consented to the terms of the Plan, Confirmation Order, and Consent Order which, in total, allow the Liquidating Agent to sell all real property owned by the Debtor, which included property owned by the Debtor's principal and the Plaintiff. Furthermore, the Plaintiff signed each of these documents evidencing her consent and acknowledgement that the property to be sold includes the Personal Residences. Finally, the Plaintiff affirmed in open court before Judge Doub, her consent and understanding of the terms of the Plan, particularly with regard to the sale of the Personal Residences.

12. This court will not enjoin the Liquidating Agent from fulfilling his duties as agreed upon by the parties and approved by this court, now therefore;

It is ORDERED, ADJUDGED and DECREED that the Motion is hereby denied, and the Sale will not be stayed.

END OF DOCUMENT